IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| GARY KARAGIANES, #A0075648, | ) ) ) | CIV. NO. 10-00430 BMK |
| Petitioner, | ) ) ) | ORDER DISMISSING PETITION AND DENYING CERTIFICATE OF APPEALABILITY |
| vs. | ) ) | |
| TODD THOMAS, | ) ) ) | |
| Respondent. | ) ) | |

## ORDER DISMISSING PETITION AND DENYING CERTIFICATE OF APPEALABILITY

Before the court is pro se Petitioner Gary Karagianes' petition for writ of habeas corpus brought under 28 U.S.C. § 2254 ("Petition"). Respondent has filed a preliminary answer to the Petition and Karagianes has filed a reply. Docs. 26, 34. After careful consideration of the entire record, the court DISMISSES the Petition with prejudice as barred by the statute of limitation set forth in 28 U.S.C. § 2244(d) and DENIES a Certificate of Appealability.

### I. BACKGROUND

On September 15, 1993, Karagianes was convicted of murder in the second degree[1] (Count I) and possession or use of a firearm in the commission of a

---

[1] In violation of Hawaii Revised Statute § 707-701.5 (Supp. 1992).

felony[2] (Count II), by jury trial in the Circuit Court of the Second Circuit, State of Hawaii ("circuit court"). On November 18, 1993, the circuit court entered judgment of conviction in Cr. No. 92-0340(2) and sentenced Karagianes to life imprisonment with the possibility of parole on Count I, and a maximum term of twenty years on Count II.

Karagianes timely appealed his convictions raising various claims of trial court error, prosecutorial misconduct and ineffective assistance of counsel. The Hawaii Supreme Court affirmed his convictions on January 12, 1996. Resp't Ex. B. Notice and judgment on appeal were filed on January 26, 1996. Resp't Ex. C.

On October 21, 1996, Karagianes filed a motion under Rule 35 of the Hawaii Rules of Penal Procedure ("HRPP"), arguing that the procedure for determining minimum terms of imprisonment under the Hawaii Revised Statutes was illegal ("First Rule 35 Motion"). Resp't Ex. D. The circuit court denied the First Rule 35 Motion and Karagianes did not appeal. Resp't Ex. E.

On November 17, 1998, Karagianes filed a second Rule 35 motion ("Second Rule 35 Motion"), requesting a correction of his sentence as it pertained to the restitution order. Resp't Ex. F. Karagianes also filed two more Rule 35

---

[2] In violation of Hawaii Revised Statute § 134-6(a) (Supp. 1992).

2

motions on May 11, 1999 and June 8, 1999 ("Third Rule 35 Motion" and "Fourth Rule 35 Motion," respectively). The Third Rule 35 Motion sought reversal of his Count II conviction under *State v. Jumila*, 87 Hawaii 1, 950 P.2d 1201 (1998). Resp't Ex. G. The Fourth Rule 35 Motion sought reversal of his Count II conviction on double jeopardy grounds. Resp't Ex. H. The circuit court denied the Third and Fourth Rule 35 Motions and Karagianes timely appealed.[3] Resp't Exs. J, K, L.

During the pendency of the appeal of the denials of his Rule 35 motions, Karagianes filed a motion under HRPP Rule 40 ("First Rule 40 Motion"). Karagianes alleged newly discovered evidence and ineffective assistance of trial and appellate counsel. Resp't Ex. O. Regarding the newly discovered evidence claim, Karagianes alleged that, since his conviction, expert testimony provided by Fred Zain had been found fraudulent in other similar cases and was therefore fraudulent in his case. *Id.* The circuit court denied the motion because Karagianes' appeal of the orders denying the Rule 35 Motions was pending. Resp't Ex. P.

---

[3] The circuit court granted in part and denied in part Karagianes' Second Rule 35 Motion. Karagianes did not appeal. Resp't Ex. N.

On March 17, 2003, the Hawaii Supreme Court reversed Karagianes' Count II conviction. *See State v. Van Den Berg*, 101 Hawaii 187, 190-92, 65 P.3d 134, 137-39 (2003). Notice and judgment on appeal was entered on May 5, 2003. Resp't Ex. S.

On March 27, 2003, Karagianes filed a second Rule 40 Petition asserting the identical claims made in the First Rule 40 Petition. Resp't Ex. R. He later amended the petition to add three more claims for relief (collectively, with the original petition, "Second Rule 40 Petition"). Resp't Ex. T. The circuit court denied the Second Rule 40 Petition and Karagianes timely appealed. Resp't Ex. U. On May 29, 2008, the Hawaii Intermediate Court of Appeals ("ICA") affirmed the circuit court's denial of Karagianes' Second Rule 40 Petition. Resp't Ex. Y. Karagianes did not seek review by the Hawaii Supreme Court.

On June 5, 2008, Karagianes filed his third Rule 40 Petition ("Third Rule 40 Petition"). Resp't Ex. Z. Karagianes claimed that the State, including the prosecutor and judges, improperly destroyed exculpatory trial evidence during the pendency of his post-conviction proceedings. *Id.* at 5. On September 8, 2008, Karagianes filed an amended petition adding a claim that the prosecutor used false testimony at his trial. Resp't Suppl. Ex. GG. The circuit court denied the Third Rule 40 Petition on September 10, 2008, and denied the amended petition on

4

September 15, 2008. Resp't Suppl. Exs. HH, II. Karagianes moved for reconsideration on September 26, 2008. Resp't Suppl. Ex. JJ.

On January 5, 2009, before the circuit court had ruled on his motion for reconsideration, Karagianes filed a notice of appeal of the September 10 and 15, 2008 orders.[4] Resp't Ex. AA. On February 27, 2009, the circuit court denied Karagianes' motion for reconsideration. Resp't Suppl. Ex. KK. On March 13, 2009, Karagianes filed an amended notice of appeal, which included his appeal of the circuit court's denial of the motion for reconsideration. Resp't Suppl. Ex. LL.

On April 30, 2009, the ICA dismissed Karagianes' appeal for lack of jurisdiction. Resp'T Ex. BB. The ICA concluded that Karagianes' appeal, filed on January 5, 2009, was untimely because it was not filed within thirty days of the September 10 and 15, 2008 orders. *Id.* at 3. The ICA further held that Karagianes' motion for reconsideration did not extend the time for filing his notice of appeal. *Id.* The Hawaii Supreme Court denied Karagianes' application for writ of *certiorari* on August 6, 2009. Resp't Ex. DD.

On July 23, 2010, Karagianes filed the instant Petition asserting twenty-four grounds for relief. In Grounds 1-4, Karagianes challenges the denial

---

[4] The ICA deemed the notice of appeal filed on the date Karagianes mailed it from the prison, not as of its file-stamp date. Resp't Ex. BB at 2.

of his Third Rule 40 Petition. In Grounds 5-24, Karagianes challenges the denial of his Second Rule 40 Petition.

## II. LEGAL STANDARD

The Petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254. *Woodford v. Garceau*, 538 U.S. 202, 205 (2003). Under the AEDPA, state prisoners have one year to file a federal habeas petition, that is subject to both statutory and equitable tolling. *See* 28 U.S.C. § 2244(d)(1)(2); *Evans v. Chavis*, 546 U.S. 189, 191 (2006); *Pace v. DiGuglielmo*, 544 U.S. 408, 410, 418 (2005); *Lindh v. Murphy*, 521 U.S. 320, 326-27 (1997); *Tillema v. Long*, 253 F.3d 494, 498 (9th Cir. 2001). The limitation period begins to run from the latest of four alternate dates, on which either: (1) the conviction becomes final; or (2) any State-created impediment to filing is removed; or (3) the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the factual predicate of the claims asserted could have been discovered through due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D). The limitation period is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending[.]" 28 U.S.C. § 2244(d)(2); *see also*, *Chavis*, 546 U.S. at 191; *Pace*, 544 U.S. at 410; *Tillema*, 253 F.3d at 502.

The limitation period is subject to equitable tolling in appropriate cases, *Holland v. Florida*, --- U.S. ---, 130 S.Ct. 2549 (June 14, 2010), if extraordinary circumstances beyond the petitioner's control made timely filing impossible and the petitioner acted diligently in pursuing his rights. *See, e.g.*, *Pace*, 544 U.S. at 418; *Jefferson v. Budge*, 419 F.3d 1013, 1016 (9th Cir. 2005); *Gaston v. Palmer*, 417 F.3d 1030, 1034-35 (9th Cir. 2005), *as amended*, 447 F.3d 1165 (9th Cir. 2006). The petitioner "bears the burden of showing that equitable tolling is appropriate." *Gaston*, 417 F.3d at 1034; *see also, e.g.*, *Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007).

### III. DISCUSSION

Karagianes filed this Petition after the effective date of the AEDPA and it governs this action. The statute of limitations is a threshold issue the court must resolve before it may reach other procedural issues or the merits of his claims. *White v. Klitzkie*, 283 F.3d 920, 921-22 (9th Cir. 2002).

A. Statutory Tolling

The Hawaii Supreme Court entered its Judgment on Appeal, reversing Count II of Karagianes' conviction, on May 3, 2003. Karagianes' conviction and sentence on Count I, therefore, became final on direct review, including the ninety days allowed to file a petition for writ of *certiorari* with the United States Supreme

7

Court, on August 1, 2003. *See* 28 U.S.C. § 2244(d)(1)(A); *Clay v. United States*, 537 U.S. 522, 527 (2003). Karagianes was required to file the instant Petition within one year of that date, subject to statutory tolling. *See* 28 U.S.C. § 2244(d)(1)(2)

The statute of limitation was tolled from August 1, 2003, through May 29, 2008, while Kargianes' Second Rule 40 Petition was pending in the state courts. *See* 28 U.S.C. § 2244(d)(2). It then ran for seven days until Karagianes filed his Third Rule 40 Petition on June 5, 2008. That petition, and the amended petition he filed on September 8, 2008, were denied by the circuit court on September 10 and 15, 2008, respectively. On April 30, 2009, the ICA rejected Karagianes' appeal of those orders as untimely, and the Hawaii Supreme Court denied his application for writ of *certiorari*.

Statutory tolling is not available when a petitioner fails to comply with the state's time limits for appeal. *See Pace*, 544 U.S. at 418. In other words, because Karagianes' notice of appeal was untimely, the statute of limitation was not tolled during the pendency of that appeal. The statute of limitation therefore began to run on October 16, 2008, representing the thirty days allowed to file a notice of appeal under Rule 4(b)(1) of the Hawaii Rules of Appellate Procedure, and expired 358 days later, on October 8, 2009. Unless Karagianes can

demonstrate that he is entitled to other statutory or equitable tolling, the Petition is time-barred. *See Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001).

Karagianes argues that the Petition is timely under 28 U.S.C. § 2254(d)(1)(D) (sic),[5] based on "newly discovered evidence" set forth in various "proceedings" from August 2005, through August 8, 2009. Doc. 34, Karagianes Decl. at 3. Karagianes relies on a letter from the Federal Bureau of Investigation, regarding forensic testimony in his criminal trial, that he obtained when the State attached the letter to a pleading in proceedings before the circuit court. *See* Pet. at 9. Insofar as Karagianes is relying on that letter as newly discovered evidence, such reliance is misplaced. Karagianes concedes that he "obtained" the letter on October 16, 2008. *See id.* Even if the court construed the letter as newly discovered evidence, section 2244(d)(1)(D) provides that the statute of limitation runs from the date Karagianes obtained the letter. Thus, the statute of limitation still expired on October 15, 2009, and the instant Petition is still time-barred.

//

//

B. No Equitable Tolling

---

[5] Karagianes apparently means 28 U.S.C. § 2244(d)(1)(D).

As noted, the statute of limitation "is subject to equitable tolling in appropriate cases." *Holland*, 130 S. Ct. at 2560. However, § 2254's statute of limitation is only tolled where "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Roy v. Lampert*, 465 F.3d 964, 969 (9th Cir. 2006) (quotations omitted). In other words, tolling is only appropriate where external forces, not a petitioner's lack of diligence, account for the delay in filing. *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999). Petitioner has the burden of demonstrating grounds that justify equitable tolling in his case. *See Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir. 2005); *Miranda*, 292 F.3d at 1065.

Karagianes argues that he qualifies for equitable tolling under *Miles v. Prunty*, because the two attorneys he retained to assist him with post-conviction proceedings between 1996 through 1999, Esser and Baker, rendered ineffective assistance. *See* Pet. at 14, App. 9. Karaginanes alleges that they accepted his retainer, assured him of timely filings in his post-conviction proceedings, relief in the form of a new trial, and that he was not in "danger of any time-bar" to a federal habeas petition.[6] Doc. 34 at 6.

---

[6] In a letter dated August 4, 1999 from Peter Van Name Esser, Esq. to Karagianes, Esser informs Karagianes that he is returning the retainer. *See* Pet. at 14, App. 9.

Esser and Baker's actions, even if true, do not justify equitable tolling. The statute of limitation was tolled from March 17, 2003, when the Hawaii Supreme Court reversed Karagianes' conviction on Count II, until September 15, 2008, when the circuit court denied his Third Rule 40 Petition. Esser and Baker's alleged ineffectiveness occurred well before the reversal of Count II, and could not have impeded or otherwise impacted Karagianes' efforts to timely file the instant Petition. Moreover, Karagianes is not entitled to counsel in post-conviction proceedings, thus Esser and Baker's alleged ineffectiveness does not excuse his failure to timely file in federal court. *See Coleman v. Thompson*, 501 U.S. 722, 752 (1991) ("[t]here is no constitutional right to an attorney in state-post conviction proceedings. . . . Consequently, a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings"). Finally, Esser and Baker were private attorneys. Their alleged inaction or ineffectiveness was not an "impediment . . . created by State action," entitling Karagianes to tolling. *See* 28 U.S.C. § 2244(d)(1)(B).

Karagianes also argues that he had limited computer skills, limited access to the law library and federal court rules, and no legal assistance. Doc. 34, Karagianes Decl. at 1. These allegations, without more, do not establish that Karagianes is entitled to equitable tolling. First, in order to qualify for equitable

11

tolling, Karagianes must show that he was diligently pursuing his rights. *Pace*, 544 U.S. at 418. Karagianes has not done so, because he fails to argue, and the record does not reflect, that he took any action to request the pertinent legal materials or otherwise pursue his right to full or better access to the law library.

Second, notwithstanding Karagianes' argument that his access to the law library and federal court rules was limited, and that he had limited law library computer skills, he also fails to allege that he was unable to access legal materials regarding the statute of limitation. In other words, he does not allege that he was unaware of the time to file a federal habeas petition. As such, Karagianes fails to demonstrate that he is entitled to equitable tolling.

### IV. **CONCLUSION**

The Petition is time-barred and is DISMISSED with prejudice. A Certificate of Appealability and leave to proceed *in forma pauperis* on appeal are DENIED because (1) dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable, and (2) Karagianes has not made a substantial showing of the denial of a constitutional right. *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); Rule 11(a), Rules Governing § 2254 Proceedings.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, March 10, 2011.



   /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

*Karagianes v. Thomas* CV10-00430 BMK; Order Dismissing Petition and Denying Certificate of Appealability; psas\ Habeas\PWM\Karagianes 10-430 BMK (dmp edits SOL)