IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| GARY KARAGIANES, #A0075648, | ) ) ) | CIV. NO. 10-00430 BMK |
| Petitioner, | ) ) | ORDER DENYING PETITIONER'S MOTION FOR |
| vs. | ) ) ) | RECONSIDERATION |
| TODD THOMAS, | ) ) | |
| Respondent. | ) ) | |
| _____ | ) | |

**ORDER DENYING PETITIONER'S
MOTION FOR RECONSIDERATION**

Petitioner Gary Karagianes has filed a document titled "Request Judge Barry M. Kurren Explain Order Dismissing Instant 28 U.S.C. § 2254." The court construes the document as a motion for reconsideration ("Motion") of its Order Dismissing Petition and Denying Certificate of Appealability, filed March 14, 2011 ("Order"). For the following reasons, the Motion is DENIED.

I. *STANDARD OF REVIEW*.

A successful motion for reconsideration must accomplish two goals. First, it must demonstrate some reason that the court should reconsider its prior decision. *White v. Sabatino*, 424 F. Supp. 2d 1271, 1274 (D. Haw. 2006). Second, the motion must set forth facts or law of a strongly convincing nature to

induce the court to reverse its prior decision. *Id.* There are three grounds that justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *Id.* (citing *Mustafa v. Clark County Sch. Dist.*, 157 F.3d 1169, 1178-79 (9th Cir. 1998)).

## II. *DISCUSSION*.

In the Motion, Karagianes seeks explanation of the Order in the form of four enumerated questions. The questions are exceedingly difficult to understand but the court will try to address each one in turn. First, Karagianes inquires "[w]hy page 4 of Order Dismissing Petition denies Petitioner seeking review in no. 26801 Hawaii Supreme Court." Page 4 of the Order is part of the procedural history of Karagianes' underlying state court proceedings. On that page, the Order states, in part, that Karagianes did not seek review by the Hawaii Supreme Court of the Hawaii Intermediate Court of Appeals ("ICA") decision to uphold the state court denial of his second post-conviction petition under Rule 40 of the Hawaii Rules of Penal Procedure ("Second Rule 40 Petition"). (Doc. 39 at 4.) Insofar as Karagianes is asserting that he in fact did seek review by the Hawaii Supreme Court, such is not reflected in the records before the court. Moreover,

whether or not Karagianes sought review of that ICA decision is immaterial to the court's determination that his federal habeas petition was untimely.

Second, Karagianes asks "[w]hy HRAP Rule 4(a)(3) Notice of Appeal filing extended to 30 days after order of the motion does not apply to Petitioner." He appears to take issue with *Karagianes v. State*, 2009 WL 1212231*2 (Haw. App., April 30, 2009) wherein the ICA rejected Karagianes' notice of appeal regarding the denial of his Third Rule 40 Petition. The ICA concluded, in relevant part, that Karagianes' motion for reconsideration of the denial of the Third Rule 40 Petition did not extend the time for filing his notice of appeal. *Id.* Insofar as Karagianes is requesting that the court interpret Rule 4(a)(3) of the Hawaii Rules of Appellate Procedure differently than the ICA, this it cannot do. A federal habeas court is constrained from reexamining state-court determinations on state-law issues. *Estelle v. McGuire*, 502 U.S. 62, 67 (1991); *see also Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) ("We have repeatedly held that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus."); *Langford v. Day*, 110 F.3d 130, 1389 (9th Cir. 1996) ("[A]lleged errors in the application of state law are not cognizable in federal habeas corpus.").

Third, Karagianes posits an un-discernible question regarding the exhaustion of state remedies. He references page 9 of the Order and in particular, the "letter obtained during proceeding." Insofar as Karagianes seeks explanation of this portion of the Order, it speaks for itself and the court finds no further explanation necessary. Karagianes does not make any discernible factual or legal arguments indicating error in this portion of the Order.

Finally, Karagianes claims that the record before the court is incomplete. Respondents initially submitted his preliminary answer to the Petition along with a voluminous amount of documents representing 32 exhibits. (Doc. 27.) These documents covered much of Karagianes' underlying criminal proceedings, including post-conviction proceedings, dating back to 1993. The court also requested supplemental information which it received in the form of 5 more exhibits. (Doc. 30.) In addition, Karagianes supplied a number of documents in his Petition. (Doc. 1.) Based on the information and documents provided by Respondent and Karagianes, the record was sufficiently complete for the court to make its determination in this case.

After careful review of Karaginaes' questions, the court finds that the Motion fails to set forth new material facts that were not previously available, to

identify an intervening change in law, or to demonstrate that the court made a manifest error of law or fact.

III.  *CONCLUSION.*

For the foregoing reasons, Karagianes' Motion for Reconsideration is DENIED.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, March 31, 2011.



   /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

*Karagianes v. Thomas* CV10-00430 BMK; Order Denying Motion for Reconsideration; psas\Ords\PWM\Karagianes 10-430 BMK (deny recon)